Would the clerk call the first case please? 3-13-04-26, People of the State of Illinois, Appellee, by Don Duffy v. Jamar Scarborough, Appellant, by Dimitri Golfus. Mr. Golfus, good morning. Good morning, Your Honors. May it please the Court, Dimitri Golfus of the Appellate Defender's Office, on behalf of Jamar Scarborough, the Defendant Appellant. Your Honors, Mr. Scarborough pleaded guilty to obstructing identification and driving while revoked. The Court sentenced him to 12 months of conditional discharge and also 30 days in jail, which is believed to be the minimum sentence. We've raised two arguments on appeal. The first is that the trial court misapprehended the minimum sentence, and therefore Mr. Scarborough is entitled to resentencing. Second, in view that this Court does not agree that Mr. Scarborough is entitled to resentencing, we argue that this Court should remand for new proceedings under Rule 604D, because the trial counsel's certificate did not comply with the rule under our Supreme Court's decision in 2009. Regarding the trial court's misapprehension, we argue in our brief that the misapprehension was for two reasons. First, that the trial court erroneously believed that Mr. Scarborough was not eligible for court supervision. And secondly, that the Court believed that Mr. Scarborough was required to serve 30 days in jail. Mr. Scarborough has already served 30 days in jail, so the real issue in this case is whether he was eligible for supervision. In our brief, we present two reasons why the Court wrongly concluded he was ineligible under Section 5-6-1J under the Code of Corrections. I'm only going to be talking about one of those today, because I think it's more obvious of the two reasons, and that's that Section 5-6-1J only prohibits supervision when a defendant is driving while revoked or suspended, and that revocation or suspension was for one of three offenses. First, a DUI. Second, a statutory summary suspension or revocation for failure to submit to chemical testing. Or three, the failure to report an involvement in a motor vehicle accident involving personal injury or death. If revocation or suspension was not for one of those three reasons, Subsection J does not apply. In this case, the record is clear that when Mr. Scarborough was driving while revoked, the reason why his license was revoked was because of a bond forfeiture conviction, and that was talked about during the sentencing hearing. Because his revocation was not for one of those three listed offenses in Subsection J, that section simply does not apply. He was eligible for supervision. The statement in this case on appeal is trying to interpret Subsection J in a way to make Mr. Scarborough ineligible for supervision. As I've argued in my reply brief, the state's interpretation is nonsensical. We've offered a more reasonable interpretation and really the only reasonable interpretation of Subsection J. A misapprehension of a minimum sentence requires resentencing when that misapprehension arguably influences the sentence. We believe that standard has been met here. The trial court sentenced Mr. Scarborough to what it believed was the minimum sentence, and it's at least arguable that had the trial court not misapprehended the minimum sentence, it would have again sentenced him to the minimum sentence, in this case being court supervision. In my brief, I've cited the O'Malley case. In O'Malley, the trial court similarly wrongly concluded that the defendant was not entitled to supervision or was not eligible for supervision, and the court even went on to say that, based on the record and the nature of the offense, he didn't think that the defendant was even deserving of supervision if he was eligible. The Second District remanded for resentencing even in those circumstances, saying that it was arguable that the misapprehension influenced the sentencing decision. Certainly, our case is much stronger in O'Malley. There wasn't any comments by the trial judge indicating that if Mr. Scarborough was eligible, that supervision was not appropriate. So for these reasons, we'd ask that you vacate Mr. Scarborough's sentence and remand for resentencing based on that misapprehension. I want to talk briefly about 604D and the to-signot argument. In to-signot, our Supreme Court held that in Rule 604D, the word or means and in the consultation requirement. Additionally, it went on to say, and I quote, counsel is required to certify that he has consulted with the defendant, and then the court put the following quotation marks, to ascertain the defendant's contentions of error in the sentence and, and the word and is italicized in parenthesis, the entry of a plea of guilty. Now, in our case, counsel certified that she consulted with the defendant to ascertain his contentions of error in the sentence or the entry of a guilty plea. Now, although that phrase, in those words, mirror the text of Rule 604D, that does not comply with to-signot. It's unclear from her certificate whether she consulted with Mr. Scarborough about his contentions of error in the sentence and the plea of guilty. Now, why is that significant? It's significant because in to-signot, when the court was talking about the purpose of Rule 604D, it was concerned about contentions of error that weren't, the factual basis wasn't apparent in the record. They were concerned about contentions of error that only the defendant would know about, and the only way trial counsel would be able to ascertain them is by consulting with the defendant. Therefore, if trial counsel does not consult with the defendant, and it's unclear from the certificate whether she consulted with the defendant about both the contentions of error in the sentence and the entry of the plea, that frustrates, it conflicts with the purpose of Rule 604D, because any contentions of error that are only apparent to the defendant because the factual basis is outside of the record, that's not going to make it in the post-trial motion, it's not going to make it to the trial court, and it's only going to be raised later in appeal. Finally, simply because trial counsel used the word or in the certificate, and the Supreme Court in to-signot said that or means and in the court rule, it doesn't mean that or means and in the certificate. In to-signot, the Supreme Court... I didn't hear the last thing you said. It doesn't mean that or means and what? Simply because the Supreme Court in to-signot said that or means and in the court rule, it doesn't necessarily mean that when counsel uses the word or in the certificate, that she meant and. And the reason for that was when the court was interpreting the rule, it relied on the principle of statutory interpretation to effectuate the intent of the legislature to conclude that or meant and. That rule of statutory interpretation is not available when construing something that counsel wrote in the certificate. Therefore, for these reasons, we'd ask that in the event this court does not find that Mr. Scott Rosenthal is resentencing the remand for proceedings under Rule 64D, this counsel certificate was deficient in line of to-signot. Unless the court has any questions, I have nothing further. Thank you. Thank you. Ms. Duffy, good morning. Good morning, Your Honors. Counsel, were I to argue, I would reiterate what's in my brief, so I'll stand on my brief but happily answer any questions you may have. Questions? No. Thank you. Mr. Golfus, did you find something in that to revise? Nothing for that, Your Honor. Okay. Well, we thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in brief recess for a final change.